UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Diane McKinney and
Betty Heard,

           Plaintiffs,

   vs.                  REPORT AND RECOMMENDATION

Hank M. Stewart, Anne M.
Stewart, and Linda J. Burkholder,

           Defendants.      Civ. No. 08-632 (ADM/RLE)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge upon a general assignment, made in accordance with Title 28 U.S.C. §636(b)(1)(B), upon the Applications of the Plaintiffs Dianne McKinney ("McKinney"), and Betty Heard ("Heard"), for leave to proceed in forma pauperis ("IFP").  The Plaintiffs appear pro se, and, in view of the fact that service of process has not yet been effected, no appearance has been made by, or on behalf of, the Defendants.

This action was commenced on March 6, 2008, by the filing of a Complaint with the Clerk of Court for the United States District Court for the District of

Minnesota.  See, <u>Docket No. 1</u>.  In this action, the Plaintiffs are seeking a Judgment

against the named Defendants in the amount of $100,000,000.00, for allegedly

conspiring to deprive the Plaintiffs of their Federal constitutional rights, in violation

of Title 42 U.S.C. §1985.  The Plaintiffs did not pay any filing fee for this action but,

instead, each of the two (2) Plaintiffs filed a separate Application seeking leave to

proceed IFP.  See, <u>Docket Nos. 2 and 3</u>.  The Plaintiffs' IFP Applications are now

before the Court, and must be addressed before any other action is taken in this matter.

 For reasons which follow, we recommend that McKinney's IFP Application be

denied.

## II. <u>Background</u>

McKinney's IFP Application, see, <u>Docket No. 2</u>, shows that she is currently

employed by Medtronic, and that her "take-home" wages are $924.00 "biweekly."

McKinney purportedly has no other income, but she does own a home that is worth

$175,000.00.  Based on the information furnished in McKinney's IFP Application, it

appears that she has no dependents, and she has no other unusual financial

responsibilities.

Given the amount of McKinney's current wages, as shown by her IFP Application, we cannot conclude that she is indigent.  Therefore, we recommend that McKinney's IFP Application be denied.  See, <u>Title 28 U.S.C. §1915(a)(1)</u>.

### III. <u>Discussion</u>

In considering the merits of an IFP application, there is -- and there can be -- no "bright line" test which magically divines which claimants of modest means qualify under the Federal IFP Statute, and which do not.  The countervailing considerations at issue are easy of recitation but far more demanding to resolve.  In <u>Temple v. Ellerthorpe</u>, 586 F. Supp. 848, 850 (D.R.I. 1984), the conflicting interests found succinct expression:

> The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities.  * * * But, the same evenhanded care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar.

See also, <u>In re Williamson</u>, 786 F.2d 1336, 1338-39 (8th Cir. 1986) ("The very purpose of section 1915 'is to provide an entre, not a barrier, to the indigent seeking relief in federal court,'" but "section 1915 'was not enacted for the purpose of requiring the public to underwrite frivolous lawsuits.'"), quoting <u>Souder v. McGuire</u>, 516 F.2d 820, 823 (3rd Cir. 1975), and <u>In re Smith</u>, 600 F.2d 714, 715 (8th Cir. 1979).

The balance achieved should equally weigh the privilege of pursuing a nonfrivolous action in the Federal Court system with a practical recognition that any such action will inflict some monetary expense upon all of the parties involved.  The issue, therefore, does not hinge upon the ease of payment, for no litigant views the payment of costs as anything other than an unpleasant ancillary to the prosecution of a Federal claim.

Rather, the analysis pivots -- we think necessarily -- upon the Plaintiff's ability to satisfy the initiation costs of his Federal action without substantially depleting her financial resources.  While we recognize that, based upon McKinney's sworn representations, she may not be wealthy, we find that she has the wherewithal to satisfy the modest costs incident to the commencement of her claim without necessitating her forbearance of other expenditures for life's necessities, or for her basic needs.  See, Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir. 1991); In re Smith, supra at 715; Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982); Temple v. Ellerthorpe, supra at 850-51, and cases cited therein.  Although the imposition of any cost, as a precondition to the commencement of a cause of action, may invoke some second thoughts as to the wisdom of prosecuting that action, the expenditures here are

not of such a magnitude as would dissuade the pursuit of a claim that was both firmly-held and well-intended.

Moreover, we note our awareness of varying procedures which have evolved in the granting, and in the denial, of IFP Applications by Magistrate Judges.  In some jurisdictions, the denial of such applications is routinely performed under the rubric of a Title 28 U.S.C. §636(b)(1)(A) Order, with its attendant "clearly erroneous" standard of review.  However, since an unintended effect of a denial of the application could be the abandonment of a claim, we believe that our resolution of the issue should best be expressed as a Recommendation, subject to de novo review should an appeal be taken.   See, e.g., Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990) (concluding that a denial of IFP status is the functional equivalent of an involuntary dismissal and is outside the jurisdiction of a Magistrate Judge); Tripati v. Rison, 847 F.2d 548 (9th Cir. 1985).

Due to an apparent anomaly in Local Rule 4.2(a), one additional comment is warranted.[1]  The Local Rule requires that the Plaintiff's Complaint be filed pending

---

[1]Local Rule 4.2(a) provides in pertinent part:

> Where a plaintiff seeks waiver of filing fees under in forma
> pauperis provisions, the plaintiff shall present the complaint
>
> (continued...)

a determination of the propriety of his request for pauper's status.  Although the Rule contemplates the striking of the Complaint if the "permission to proceed in forma pauperis is later denied," the Rule also implicitly suggests that a Magistrate Judge may deny the application.  In order to avoid the potential that the Plaintiffs' Complaint should be served prior to a ruling by the District Court on the propriety of McKinney's IFP Application, should an appeal be taken, this Court will issue its Order, which will preserve the <u>status quo</u>, until the District Court should rule on the matter.

In the event that McKinney elects not to challenge this Recommendation, she will be afforded an opportunity to pay the normal $350.00 filing fee, see, <u>Title 28 U.S.C. § 1914(a)</u>, and, if she chooses to do so, she will be allowed to pursue her claims as a non-IFP litigant.

Finally, in light of our determination that McKinney should not be granted IFP status, then Heard's separate IFP Application should not be addressed at this time.  If

---

[1](...continued)
and the motion for permission to proceed in forma pauperis to the Clerk.  The Clerk shall file the complaint as if the filing fee had been paid, and shall submit the in forma pauperis motion to a Magistrate Judge or Judge.   If permission to proceed in forma pauperis is later denied, the complaint shall be stricken.

McKinney pays the $350.00 filing fee, then Heard's IFP Application will thereafter be denied as moot.  If McKinney does not pay the $350.00 filing fee, and the District Court adopts our recommendation that she be denied IFP status, then the Court will recommend that McKinney be dismissed from this action, and the Court will then determine whether Heard should be granted IFP status, and be allowed to prosecute her claims in this action as the sole remaining Plaintiff.

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendants, until so directed by further Order of the Court.

2.     That Diane McKinney's Application for in forma pauperis status [Docket No. 2] be denied.

Dated:   March 18, 2008          s/Raymond L. Erickson
                                 Raymond L. Erickson
                                  CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and

D. Minn. LR72.b(2), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than  April**

**4, 2008,** a writing which specifically identifies those portions of the Report to which

objections are made and the bases of those objections.  Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in

the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a

Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing **by no later than April 4, 2008,** unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the

transcript in order to resolve all of the objections made.