UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Diane McKinney and
Betty Heard,

          Plaintiffs,                    **MEMORANDUM OPINION AND ORDER**

v.                                  Civil No. 08-632 ADM/RLE

Hank M. Stewart, Anne M.
Stewart, and Linda J. Burkholder,

          Defendants.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Diane McKinney's ("McKinney") Objections [Docket No. 5] to Magistrate Judge Raymond L. Erickson's March 18, 2008, Report and Recommendation ("R&R") [Docket No. 4]. The R&R recommends denial of McKinney's Application to Proceed in Forma Pauperis ("McKinney IFP Application") [Docket No. 2]. For the reasons set forth below, the case is dismissed without prejudice and McKinney's Objections are denied as moot.

## II. BACKGROUND

On March 6, 2008, McKinney and her mother Betty Heard ("Heard") (collectively "Plaintiffs"), appearing pro se, filed a Complaint [Docket No. 1] alleging that their neighbors Hank M. Stewart, Anne M. Stewart, and Linda J. Burkholder (collectively "Defendants") conspired to interfere with their civil rights in violation of 42 U.S.C. § 1985. On the same day, Plaintiffs filed Applications to proceed in forma pauperis. Plaintiffs' IFP Applications were referred to Judge Erickson, who recommended denial of McKinney's IFP Application. Because

Judge Erickson recommended that the Court deny McKinney's IFP Application, he determined that he should not address Heard's Application to Proceed in forma pauperis [Docket No. 3].

In her IFP Application, McKinney reported that her bi-weekly income is $924.00 and that she owns a home valued at $175,000.00. McKinney IFP Application. McKinney's IFP Application further indicates that she has no dependants and no other unusual financial responsibilities. Id. Judge Erickson concluded that while McKinney may not be wealthy, "she has the wherewithal to satisfy the modest costs incident to the commencement of her claim without necessitating her forbearance of other expenditures for life's necessities, or for her basic needs." R&R at 4.

### III. DISCUSSION

"The district judge must determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Court must exercise its discretion in determining whether a petitioner qualifies for support under 28 U.S.C. § 1915. In re Smith, 600 F.2d 714, 716 (8th Cir. 1979). Before granting a petitioner's IFP application and allowing the case to go forward, the Court must in its discretion determine whether the case is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune. If the Court determines that the case falls into any of the above listed categories, then the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(ii); see also Fogle v. Blake, 227 Fed. App'x 542, 542 (8th Cir. 2007) (upholding

the district court's sua sponte pre-service dismissal of plaintiff's complaint pursuant to § 1915(e)(2)(B)).

Plaintiffs assert that their rights were violated under 42 U.S.C. § 1985 and fail to cite any other federal statutes or provisions of the U.S. Constitution.[1]  Section 1985(3) "provides no substantial rights itself," and thus only allows a plaintiff to bring suit against defendants who conspire to violate civil rights protected by some other federal statute or by the Constitution. Carpenters v. Scott, 463 U.S. 825, 833 (1983); see also Federer v. Gephardt, 363 F.3d 754, 758 (8th Cir. 2004) ("Section 1985 is a statute which provides a remedy, but it grants no substantive stand-alone rights.  The source of the right or laws violated must be found elsewhere."). Because Plaintiffs failed to assert a protected right under a federal statute or constitutional provision, and because § 1985(3) does not provide a substantive right, Plaintiffs have failed to state a claim for relief.  Accordingly, Plaintiffs' Complaint is dismissed.

Because Plaintiffs' Complaint is dismissed, the Court need not reach the merits of Plaintiffs' IFP Applications.  In the event that Plaintiffs continue to believe that they have a valid lawsuit, they may want to consult their local bar association for information regarding free or reduced-fee legal services.  However, should Plaintiffs decide to pursue legal action without an attorney they are directed to determine what statutory or constitutional rights they are asserting and whether federal court is the proper venue to assert those rights.

---

[1] Plaintiffs simply state that they are asserting a claim under 42 U.S.C. § 1985 and do not specify a subsection.  Even from the limited facts outlined in the Complaint, § 1985(1) and (2) are clearly not applicable.  "Section 1985(1) prohibits conspiracy to prevent a federal officer from performing his duty."  Wisdom v. Dep't of Hous. & Urban Dev., 713 F.2d 422, 425 (8th Cir. 1983).  Section 1985(2) prohibits conspiracy to deter a party, witness, or juror from appearing in court and performing what is required of them and also prohibits a conspiracy to injure a party, witness, or juror for performing their required duties in court.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted; and

2. McKinney's Objections [Docket No. 5] to Judge Erickson's Report and Recommendation are **DENIED AS MOOT**;

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 5, 2008.